[Cite as *Dayton Pub. Schools v. Dayton Civ. Serv. Bd.*, 2014-Ohio-4702.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

DAYTON PUBLIC SCHOOLS       :
:      Appellate Case No. 26133
    Plaintiffs-Appellants      :
:      Trial Court Case No. 2013-CV-3342
v.      :
:
CITY OF DAYTON CIVIL SERVICE      :      (Civil Appeal from
BOARD, et al.      :      Common Pleas Court)
:
    Defendants-Appellees      :
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of October, 2014.

. . . . . . . . . . .

DWIGHT A. WASHINGTON, Atty. Reg. No. 0018776, 850 Talbott Tower, Dayton, Ohio 45402
     Attorney for Plaintiffs-Appellants

JOHN J. DANISH, Atty. Reg. No. 0046639, NORMA M. DICKENS, Atty. Reg. No. 0062337, City of Dayton, Ohio, 101 West Third Street, P.O. Box 22, Dayton, Ohio 45401
     Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant Dayton Public Schools appeals from an order of the trial court

dismissing defendants-appellees the City of Dayton Civil Service Board and John Danish, the City of Dayton's law director, as parties-defendant in an administrative appeal, under Civ.R. 21. DPS contends that the trial court erred in dismissing the CSB and Danish, and that it should have added Pamela Reid, who was a party to the administrative proceedings, as a party-defendant.

{¶ 2}    We conclude that the trial court did not err in dismissing the CSB and Danish; they were not proper parties to the administrative appeal.   We also conclude that DPS incorrectly characterizes the order from which this appeal is taken as a dismissal of the action under Civ.R. 12(B)(6).   It was merely a dismissal of parties-defendant, under Civ.R. 21.   Had DPS wished to add Reid as a defendant, it was free to do so.   It did not, taking the position that Reid was not a proper party.   Consequently, we Affirm the order from which this appeal is taken.

## I.   DPS Fires Reid, Who Appeals to the Civil Service Board

{¶ 3}    Reid, a teacher in the Dayton Public School system, did not report for work until after noon.   She also failed to inform her superiors she would be late.   This was not Reid's first failure to report to work on time.   DPS terminated Reid's employment.   She sought review of her termination with the City of Dayton Civil Service Board.

{¶ 4}    Following a hearing, the CSB found that DPS had proven grounds for the discharge, but that discharge was too harsh a penalty.   The CSB ordered that the discipline be modified to a suspension from the date of Reid's termination to the date of CSB's order.   DPS appealed to common pleas court from that decision, contending that Reid's discharge should not have been modified.

## II.   The Course of Proceedings

**{¶ 5}**   CSB and Danish moved, under Civ.R. 21, that they be dismissed as parties to the action.   In its memorandum contra, DPS argued that the action should not be dismissed under Civ.R. 12(B)(6), specifically arguing that: "The proper parties are before this Court, not Pamela Reid (Reid), the employee."   Its memorandum contra concluded:   "This matter is properly before this Court pursuant to ORC §2506.01 et seq. and for the

reasons contained within the Complaint and this Reply, the Defendants' request [to be dismissed from the action] should be denied."

**{¶ 6}**   In their reply memorandum, CSB and Danish noted that they were not seeking the dismissal of the action under Civ.R. 12(B)(6):

> * * * .   Plaintiff's Reply Memorandum in opposition to defendants'
> Motion is based upon arguments that dismissal pursuant to Civil Rule 12(b)(6) is
> not supported.   However, defendants are not seeking a dismissal of the entire
> action pursuant to Civil Rule 12(b)(6) for failure to state a claim for which relief
> may be granted.   In fact, defendants in no way dispute that the Dayton Public
> Schools have the right to file an administrative appeal to seek review of the Order
> of the Dayton Civil Service Board pursuant to Ohio Revised Code Chapter 2506.
> Defendants only maintain that they are not the <u>proper parties</u> to the appeal.
> (Underscoring in original.)

**{¶ 7}**   The trial court found the defendants' motion to be well-taken, and dismissed CSB and Danish from the action.   Because the trial court's order constituted an adjudication of the claims against CSB and Danish, it determined that there was not just cause for delay for the purposes of Civ.R. 54, and caused a Civ.R. 58(B) notice to be sent to the parties.

{¶ 8}    From the order of the trial court dismissing CSB and Danish, DPS appeals.

### III.   The Order from which this Appeal Is Taken Is the
### Dismissal of Certain Parties, Not the Dismissal of the Action

{¶ 9}    In its brief, DPS argues that "the Trial Court erred by dismissing this matter, as opposed to requiring that Reid be joined as a party."   DPS argues that even if it failed to satisfy "jurisdictional prerequisites," the trial court should not have dismissed "the matter."

{¶ 10}   DPS misconstrues the order from which this appeal is taken.   That order merely dismissed CSB and Danish as parties; it pointedly did not dismiss the action.   Indeed, nothing in the record on appeal suggests that the action is not still pending in the trial court.

### IV.   CSB and Danish Are Not Proper Parties to this Action

{¶ 11}   DPS's sole assignment of error is as follows:

THE     TRIAL     COURT     ERRED     BY     DISMISSING DEFENDANTS-APPELLEES  AS  NOT  PROPER  PARTIES  PURSUANT  TO ADMINISTRATIVE  APPEAL  UNDER  OHIO  REVISED  CODE  SECTION 2506.

{¶ 12}   DPS has never provided any explanation why Danish, the City of Dayton's law director, should be a party to the administrative appeal in the common pleas court, and we can think of none.   Danish has no legally cognizable interest in the outcome of the appeal.

{¶ 13}   The CSB was the administrative tribunal that resolved the dispute between DPS and Reid.   A municipal civil service commission is not a proper party to an appeal from its

decision. *Holden v. Board of Education, Findlay City School Dist.*, 3rd Dist. Hancock No. 5-77-37, 1978 WL 215852, *2 (Oct. 4, 1978). *See also All Children Matter v. Ohio Secy. of State*, 10th Dist. Franklin Nos. 09AP-322 and 09AP-323, 2010-Ohio-371, ¶ 12. An administrative body performing the quasi-judicial function of hearing appeals, not being the administrative body that issued the decision being appealed, and not having a legally cognizable interest in the outcome, is not a proper party to an administrative appeal from its decision. *Kingsley v. Ohio State Personnel Bd. of Review*, 10th Dist. Franklin No. 10-AP-875, 2011-Ohio-2227, ¶ 31-35.

{¶ 14} DPS's sole assignment of error is overruled.

### V. DPS Did Not Ask the Trial Court to Add Reid as a Party-Defendant

{¶ 15} Although not encompassed within its sole assignment of error, DPS argues that the trial court should have added Reid as a party-defendant. Not only did DPS not seek this relief from the trial court, it expressly took the position, in its memoranda filed in the trial court, that Reid was *not* a proper party to the administrative appeal. Therefore, DPS has no standing to assign as error the trial court's failure to add Reid as a party; if this was error, it was invited error, in view of DPS's explicit position that Reid was not a proper party.

{¶ 16} In their memoranda in support of their motions to be dismissed from the action, CSB and Danish did suggest that Reid, not they, was the proper party-defendant. But CSB and Danish made this suggestion in support of their successful attempt to be dismissed as parties to the action, which vitiated any standing either would have to move the court for the joinder of additional parties.

**{¶ 17}** According to the record, no party to this action has moved to join Reid as a party. Therefore, we cannot fault the trial court for having failed to add Reid as a party.

## VI.   Conclusion

**{¶ 18}** DPS's sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

Dwight A. Washington
John J. Danish
Norma M. Dickens
Hon. Timothy N. O'Connell